UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH, | No. 2: 19-cv-2556 KJN P |
| Petitioner, | |
| v. | ORDER |
| JOE A. LAZARRAGA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Petitioner alleges that was denied due process during a prison disciplinary hearing. It does not appear that petitioner has exhausted his state court remedies as to the claims raised in the petition.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

1

highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

It does not appear that petitioner exhausted state court remedies by presenting his claims to the California Supreme Court. Accordingly, within thirty days of the date of this order, petitioner shall file further briefing clarifying whether he exhausted state court remedies. If petitioner presented his claims to the California Supreme Court, petitioner shall attach to his further briefing a copy of the order by the California Supreme Court denying his claims, if available.

If petitioner did not present his claims to the California Supreme Court, petitioner may file a motion to stay this action in order to exhaust state court remedies. Under Rhines v. Weber, 544 U.S. 269, 276 (2005), a district court has discretion to stay a petition with both exhausted and unexhausted claims to allow the petitioner time to present his unexhausted claims to state courts. In the Ninth Circuit, a "district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016).

A stay and abeyance under Rhines is available when: (1) "the petitioner had good cause for his failure to exhaust," (2) the petitioner's "unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, at 278.

If petitioner has not exhausted his claims, and seeks to stay this action, he shall address the three factors for a Rhines stay, set forth above.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

////

////

////

////

2. Within thirty days of the date of this order, petitioner shall inform the court whether he has exhausted state court remedies; if petitioner has not exhausted state court remedies, within thirty days he may file a request to stay this action while he exhausts his claims.

Dated: January 3, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Barth2556.osc