UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>Petitioner,<br><br>v.<br><br>JOE A. LAZARRAGA, et al.,<br><br>Respondent. | No. 2: 19-cv-2556 KJN P<br><br>ORDER & FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 3, 2020, the undersigned issued an order finding that it did not appear that petitioner had exhausted state court remedies. (ECF No. 13.) The undersigned granted petitioner thirty days to inform the court whether he had exhausted state court remedies. (Id.) If petitioner had not exhausted state court remedies, within thirty days petitioner could file a request to stay this action while he exhausted his claims. (Id.) See Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines v. Weber, 544 U.S. 269 (2002).)

On February 5, 2020, petitioner filed a pleading titled, "Notice of Exhausted Remedies the [sic], where they were made available, nothing to exhaust." (ECF No. 14.) In this pleading, petitioner alleges that he exhausted all remedies that the California Department of Corrections

1

and Rehabilitation ("CDCR") administrative remedies would provide. (Id. at 1.) Petitioner alleges that CDCR thwarted his ability to file grievances by moving him 132 times. (Id. at 2.)

As stated in the January 3, 2020 order, the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In his February 5, 2020 pleading, petitioner alleges that he was unable to exhaust administrative remedies.[1] Petitioner does not address whether he exhausted state court remedies by filing a petition in the California Supreme Court raising the claims raised in the instant petition.[2] Accordingly, for the reasons discussed above, the undersigned finds that petitioner failed to exhaust state court remedies prior to filing this action.

Petitioner's February 5, 2020 pleading does not address whether he seeks a stay pursuant to Rhines. Accordingly, the undersigned will not address the issue of a stay.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed based on petitioner's failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[1] Attached to the petition is a Third Level Appeal decision dated November 29, 2018, addressing petitioner's claims challenging the at-issue disciplinary conviction. (ECF No. 1-1 at 2-3.) Thus, it appears that petitioner administratively challenged the at-issue disciplinary conviction.

[2] The petition filed in the instant action is addressed to the California Supreme Court. (See ECF No. 1 at 1.) Thus, petitioner may have intended to file the instant petition with the California Supreme Court.

2

after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Barth2556.157